UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MAXINE-JOHNISE D'ACQUISTO,

      Plaintiff,

      v.                            Case No. 20-C-1035

OFFICER SCOTT ANDERSON,
DEPUTY MCCARTY, and
OFFICER MANTYCH,

      Defendants.

---

## ORDER

---

Plaintiff Maxine-Johnise D'Acquisto, proceeding *pro se*, filed this complaint pursuant to 42 U.S.C. § 1983 alleging that her civil rights were violated during a traffic stop. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. A review of her motion shows that she is unemployed and disabled due to a forklift accident and unable to work. She lists only one source of income for the past twelve months, providing $608.00. For purposes of assessing her ability to pay the filing fee, the court finds Plaintiff indigent based on her motion. Accordingly, the court will grant Plaintiff's motion to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The court has a duty to review the complaint and dismiss the case if it appears that the complaint fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations

2

must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff, who is white, alleges that on January 15, 2020, as she was driving home from the Ho Chunk Casino to Milwaukee with her African-American male friend, Deputies Scott Anderson and McCarty of the Dodge County Sheriff's Department and Officer Mantych of the Horicon Police Department conducted an unlawful traffic stop of their vehicle, falsely claiming that Plaintiff was driving erratically. Plaintiff further alleges that the defendant officers conducted an illegal search of her vehicle and her person, based on a false claim that they could smell marijuana, in the course of which they found a gun in the glove compartment and falsely claimed they found a marijuana "roach." Finally, Plaintiff alleges that one of the defendants searched her in a humiliating manner by "blading" his hand through Plaintiff's vagina and buttocks, and then conveyed her to jail. Plaintiff states she was three-months pregnant at the time. In addition to compensatory and punitive damages, Plaintiff seeks a declaratory judgment that section 941.23(2) of the Wisconsin Statutes, which makes carrying a concealed weapon a Class A misdemeanor, is unconstitutional.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff alleges that the defendant law enforcement officers violated her rights under the Fourth Amendment.

The Fourth Amendment guarantees the right to be free from "unreasonable searches and seizures" by the government. This protection "extend[s] to brief investigatory stops of persons or vehicles that fall short of traditional arrest." *United States v. Arvizu*, 534 U.S. 266, 273 (2002). Thus, whenever a police officer decides to stop a vehicle, the stop must meet the reasonableness requirements of the Fourth Amendment. *Delaware v. Prouse*, 440 U.S. 648, 663 (1979). Routine traffic stops, which are akin to the brief investigatory stops described in *Terry v. Ohio*, 391 U.S. 1 (1968), require reasonable suspicion of unlawful activity. *United States v. Jackson*, 962 F.3d 353, 357 (7th Cir. 2020). To conduct a full search of Plaintiff's vehicle and person, police needed probable cause to arrest Plaintiff or to believe that the vehicle contained and/or Plaintiff possessed contraband or evidence of a crime. *Arizona v. Gant*, 556 U.S. 332 (2009); *California v. Carney*, 471 U.S. 386 (1985). Here, Plaintiff alleges that the defendants violated her Fourth Amendment rights by stopping her without reasonable suspicion and searching her and her car without probable cause. Because Plaintiff alleges that they were acting in concert, Plaintiff's allegations are sufficient to state claims against each of the defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Defendants Anderson, McCarty and Mantych pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2)–(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision

for these fees to be waived either by the court or by the U.S. Marshals Service.  The court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that each of the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that copies of the complaint and this order be sent to the Dodge County Sheriff, as well as to corporation counsel for the county of Dodge, and the Chief of the Horicon Police Department and the City Attorney for Horicon.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.  Therefore, failure to provide your correct address could result in dismissal of your case for failure to prosecute.

Dated at Green Bay, Wisconsin this 20th day of July, 2020.

                                                        s/ William C. Griesbach  
                                                        William C. Griesbach  
                                                        United States District Judge