UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MAXINE-JOHNISE D'AQUISTO,

          Plaintiff,

v.                                               Case No. 20-C-1035

SCOTT ANDERSON, et al.,

          Defendants.

## DECISION AND ORDER

Plaintiff Maxine-Johnise D'Acquisto is representing herself and proceeding on Fourth Amendment claims based on allegations that officers stopped her without reasonable suspicion, searched her and her car without probable cause, and searched her in an improper and humiliating manner. Dkt. No. 4. On March 18, 2021, Defendants Scott Anderson and Jeremy McCarty filed a motion for summary judgment. Dkt. No. 21. The next day, Defendant Brandon Mantych also moved for summary judgment. Dkt. No. 28. The Court informed D'Acquisto of her obligation to respond to the motions within thirty days of service of the motions and reminded her that under Civil Local Rule 7(d) failure to respond to the motions or to ask for additional time to respond would be sufficient cause for the Court to grant the motions as a sanction for noncompliance. Dkt. Nos. 27, 35. On April 21, 2021, at D'Acquisto's request, the Court extended her deadline to respond to May 19, 2021. The revised deadline has passed, and D'Acquisto did not oppose Defendants' motions.

The Court has reviewed Defendants' motions, briefs in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that Defendants are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true by the Court as a result of D'Acquisto's failure to respond, the Court finds that the traffic stop was supported by reasonable suspicion, the searches of D'Acquisto and her car were

supported by probable cause, and D'Acquisto was searched in a constitutionally appropriate manner. More specifically, the undisputed evidence indicates that D'Acquisto was stopped for erratic driving and her car was searched after a drug detection dog alerted for the presence of drugs and she admitted having a gun in her glove compartment. The evidence further shows she was properly searched. As a result, Defendants are entitled to judgment as a matter of law and their motions must be granted. Additionally, pursuant to Civil Local Rule 7(d), the Court finds that D'Acquisto's failure to respond to the motion is sufficient cause for the Court to grant the motion as a sanction for her noncompliance with the local rules and the Court's order.

**IT IS THEREFORE ORDERED** that Defendants' motions for summary judgment (Dkt. Nos. 21, 28) are **GRANTED** and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 28th day of May, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.